1

2

3

4

5

6

7

8

9              IN THE UNITED STATES DISTRICT COURT

10            FOR THE EASTERN DISTRICT OF CALIFORNIA

11   RAYMOND H. DENTON, JR.,

12            Petitioner,              No. CIV S-03-1558 DFL JFM P

13        vs.

14   SILVIA GARCIA, Warden,            ORDER AND

15            Respondent.              FINDINGS AND RECOMMENDATIONS

16   _____/

17            Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas

18   corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his 2000 conviction on multiple

19   charges of aggravated sexual assault on a child, lewd and lascivious conduct with a child under

20   the age of fourteen, and inflicting corporal punishment on a child.  Petitioner's September 20,

21   2004 amended petition raises a total of 35 claims.  On April 29, 2005, respondent moved to

22   dismiss the amended petition because petitioner had failed to omit his unexhausted claims as

23   previously directed by the court.  On May 23, 2005, petitioner filed an opposition to the motion.[1]

24   _____

25        [1] Petitioner has included in his opposition a request for an evidentiary hearing on the
     merits of his claims.  Respondent has not yet filed an answer to the amended petition.  Good
26   cause appearing, petitioner's request for evidentiary hearing will be denied without prejudice.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondents' counsel. 28 U.S.C. § 2254(b)(3).[2] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

The state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court. The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. Picard, 404 U.S. at 277-78. Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995). Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 116 S. Ct. 2074, 2081 (1996). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982).

/////

---

[2] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

1    On March 30, 2005, the United States Supreme Court issued an opinion that

2 affects this case. <u>Rhines v. Weber</u>, _____ U.S. _____, 125 S.Ct. 1528 (March 30, 2005).

3 Petitioner is no longer required to file an amended petition raising only exhausted claims.

4 Petitioner indicates in his response that he is prepared to proceed on all exhausted claims and to

5 drop any unexhausted claims.  (Opp'n. at 3.)  Accordingly, this court will determine which

6 claims are exhausted and respondent will be directed to file an answer as to those claims only.

7    In his opposition, petitioner states his amended petition contains the exact same

8 claims that were exhausted in the California Supreme Court in two separate proceedings, except

9 that he removed claims 7-A and 9 pursuant to this court's September 1, 2004 order.  (Opp'n. at

10 2.)  Indeed, the amended petition appears to initially track petitioner's July 13, 2002 petition for

11 writ of habeas corpus filed with the California Supreme Court.[3]  (<u>See</u> Ex. 3 to July 9, 2004

12 Motion to Dismiss.)  The first 19 grounds are claims petitioner raised in the California Supreme

13 Court and are therefore exhausted.

14    Grounds 20 through 35 of the amended petition track petitioner's July 9, 2003

15 petition for writ of habeas corpus filed with the California Supreme Court.  (<u>See</u> Ex. 6 to July 9,

16 2004 Motion to Dismiss.)[4]  Because claims 20 through 35 were raised in the California Supreme

17 Court, these claims are also exhausted.

18    Because all of petitioner's claims have been exhausted, respondent's motion to

19 dismiss should be denied and respondent should be directed to file an answer.

20    In accordance with the above, IT IS HEREBY ORDERED that petitioner's May

21 23, 2005 request for an evidentiary hearing is denied without prejudice; and

22

23    [3] There are minor changes to the reference numbers because petitioner removed grounds

24 7-A and 9 as this court previously found those claims to be unexhausted.  (September 1, 2004 order at 4.)

25    [4] The above-noted omission of ground 11 throws off the numbering by one when

26 comparing the amended petition herein with the July 9, 2003 petition before the California Supreme Court.  Thus, petitioner raised 36 claims in state court, but brings only 35 claims here.

1    IT IS HEREBY RECOMMENDED that:

2        1.  Respondent's April 29, 2005 motion to dismiss be denied; and

3        2.  Respondent be directed to file an answer within thirty days of any order

4    adopting these findings and recommendations and include with the answer any and all transcripts

5    or other documents relevant to the determination of the issues presented in the application; and

6        3.  Petitioner's traverse be due thirty days thereafter.

7        These findings and recommendations are submitted to the United States District

8    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

9    days after being served with these findings and recommendations, any party may file written

10   objections with the court and serve a copy on all parties.  Such a document should be captioned

11   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

12   shall be served and filed within ten days after service of the objections.  The parties are advised

13   that failure to file objections within the specified time may waive the right to appeal the District

14   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

15   DATED:  October 11, 2005.

16

17                              UNITED STATES MAGISTRATE JUDGE

18

19   1
20   dent1558.mtd

21

22

23

24

25

26

4